IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPSHAW, et al., | No. CIV S-09-1528-LKK-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BUTTE COMMUNITY BANK, | |
| Defendant. | |

Plaintiffs, proceeding pro se, bring this civil action pursuant 15 U.S.C. § 1601, et. seq.  To commence this action, the plaintiffs filed a document entitled Temporary Injunction and Complaint for Breach of Contract, Statutory Damages, Money Damages, Punitive Damages & Rescission (Doc. 1).  Plaintiffs appear to be claiming they submitted notification to the defendant that they were exercising their right to rescission in connection with a Home Equity Line of Credit.  Not withstanding that notification, Defendant apparently declared the plaintiffs to be in default on the line of credit securing their residence, and initiated foreclosure proceedings. Plaintiffs filed this action in response, requesting a "temporary injunction," presumably in order to stop the foreclosure proceedings.

/ / /

1

1    There are three types of injunctive relief the court can grant: a temporary
2 restraining order (TRO), a preliminary injunction, and a permanent injunction.  A preliminary
3 injunction is the equitable relief available during the pendency of a case; a permanent injunction
4 is the equitable relief available at the end of a case to the prevailing party.  A TRO is an
5 emergency motion to preserve the status quo pending a fuller hearing on the preliminary
6 injunctive relief.

7    The legal principles applicable to requests for injunctive relief, such as a TRO or
8 preliminary injunction, are well established.  To prevail, the moving party must show either a
9 likelihood of success on the merits of the underlying controversy and the possibility of
10 irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in
11 the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.
12 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The
13 two formulations represent two points on a sliding scale with the focal point being the degree of
14 irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the
15 test, however, the moving party must demonstrate that there exists a significant threat of
16 irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,
17 the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of
18 money, or an injury whose measure of damages can be calculated in terms of money, will not be
19 considered irreparable.  See id. at 1334-35.

20    The standard for a temporary restraining order is essentially the same.  The
21 purpose in issuing a temporary restraining order is to preserve the status quo pending a more
22 complete hearing.  The cases contain limited discussion of the standards for issuing a temporary
23 restraining order due to the fact that very few such orders can be appealed prior to a full hearing.
24 It is apparent however, that requests for temporary restraining orders are governed by the same
25 general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle
26 Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Los Angeles Unified Sch. Dist. v.

1   United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century
2   Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
3   emphasis of the court is directed to irreparable harm and the balance of hardships because the
4   merits of a controversy are often difficult to ascertain and adjudicate on short notice.
5         The Eastern District of California Local Rules impose additional requirements for
6   a motion for a temporary restraining order.  First, the court will consider whether the moving
7   party could have sought relief by a noticed motion for a preliminary injunction at an earlier date
8   without the necessity of seeking last-minute relief by motion for a temporary restraining order.
9   See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the
10  court in support of the requested temporary restraining order.  See Local Rule 65-231(c).
11        Here, it is unclear exactly what type of relief Plaintiffs are requesting by asking
12  for a "temporary injunction."  To the extent Plaintiffs are requesting a TRO to halt an immediate
13  foreclosure sale, Plaintiffs have not provided enough information for the court to make a
14  determination of any immediate, irreparable injury.  Plaintiffs provide a copy of a notice of
15  default dated April 13, 2009.  The notice of default states "[n]o sale date may be set until three
16  months from the date of this notice of default may be recorded (which date of recordation
17  appears on this notice)." (Complaint, Doc. 1, at 26).  Presumably, the date of recordation is the
18  date the document is signed, April 13, 2009.  Three months from that date, on or about July 13,
19  2009, therefore, would be the earliest possible sale date of Plaintiff's residence.  However,
20  Plaintiffs have not informed the court whether a specific sale date has actually been set.  Even
21  assuming a sale date has been set for on or about July 13, 2009, the undersigned does not find the
22  exigent circumstances necessitating a TRO.
23        In addition, Plaintiffs failed to file the necessary documents supporting their
24  request for a TRO.  Specifically, there is no indication from Plaintiffs that they notified (or
25  attempted to notify) the Defendant of their intention to seek a TRO, nor did Plaintiffs file a brief
26  on all relevant legal issues or an affidavit in support of the existence of an irreparable injury.  See

Rule 65-231.[1]

Similarly, to the extent Plaintiffs are requesting a preliminary injunction, the undersigned does not find Plaintiffs have met the requirements.[2] As discussed above, based on the information the court currently has, the undersigned cannot find the existence of an immediate irreparable injury. With no specific sale date set, and the earliest sale date possible not before July 14, 2009, the undersigned cannot find the immediate threat of irreparable injury. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674. Allegations of imminent harm, without an actual demonstration of an immediate threatened injury is insufficient. See Assoc. Gen. Contractors of California, Inc. v. Coal. for Econ. Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

The possibility that a sale date may be set sometime after July 14, 2009, is too speculative and is an insufficient basis for either a TRO or a preliminary injunction. Therefore, whether Plaintiffs are requesting a TRO or a preliminary injunction, they have not made the necessary showing of an immediate threat of irreparable injury. However, it may be possible that a sale date has been or will be set, and that Plaintiffs may be able to demonstrate an irreparable injury at some time in the future. Therefore, although the undersigned will recommend

---

[1] Local Rule 65-231 requires other documents to be filed in conjunction with a motion for a TRO, including proposed orders and bond information. However, even if the court overlooks these defects, as Plaintiffs are proceeding pro se, the court cannot overlook all of the defects in Plaintiffs' request.

[2] Local Rule 65-231 also requires specific documents supporting the motion to be filed, which Plaintiffs have not done.

1  Plaintiff's request for injunctive relief be denied, the denial should be without prejudice to
2  Plaintiffs being allowed to bring a corrected motion, if necessary, later in this case.
3         Based on the foregoing, the undersigned recommends that Plaintiffs' request for a
4  "temporary injunction" be denied without prejudice.
5         These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
7  after being served with these findings and recommendations, any party may file written
8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations."  Failure to file objections within the specified time may waive
10 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED: June 10, 2009

                                          /s/ Craig M. Kellison
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE